IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN EVERETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-57 |
| ) | Judge Nora Barry Fischer |
| LANCE C. ANDERSON, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

AND NOW, this 15th day of January, 2015, upon consideration of Plaintiff Justin Everett's *Pro Se* Motion to Proceed *In Forma Pauperis* (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to *the In Forma Pauperis* Status of *Pro Se* Plaintiff Justin Everett ONLY.

### I. BACKGROUND

On January 14, 2015, *pro se* Plaintiff Justin Everett filed his Complaint in this action setting forth a purported breach of contract claim against one Defendant. (Docket No. 1-1). The Complaint avers that both Plaintiff and Defendant, Lance C. Anderson, reside in Pennsylvania. (*Id.* at ¶¶ I-II). It further alleges that this Court has jurisdiction over this matter because Defendant breached his contract with Plaintiff numerous times. (*Id.* at ¶ III). Concurrent with the filing of his Complaint, Plaintiff filed an Application to Proceed *in forma pauperis*, which this Court has granted herein. (Docket No. 1).

### II. STANDARD

Prior to ordering service of complaints or petitions filed by individuals who are granted *in*

*forma pauperis* status and pursuant to 28 U.S.C. § 1915(e)(2), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over the case. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

### III. JURISDICTION

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. *See id.*

    a. <u>Federal Question Jurisdiction</u>

After its review of the Complaint, the Court has identified no bases for federal question jurisdiction. The only cause of action set forth in Plaintiff's Complaint is for breach of contract, which is a state law claim. (Docket No. 1-1). *See, e.g. Thompson v. D'Emilio,* 2013 WL 6048987, at *3 (W.D. Pa. Nov. 15, 2013) *aff'd*, 567 F. App'x 156 (3d Cir. 2014) (citing *Curran v. Spyder*, 2012 WL 1802039, at *1 (M.D.Pa. April 25, 2012), *Report and Recommendation*

*adopted by* 2012 WL 1802052 (M.D.Pa. May 17, 2012) ("because claims for breach of contract, fraud, slander, and libel do not arise under the Constitution, laws, or treaties of the United States, the court does not have federal question jurisdiction")). He has not cited any federal statute, law, or treaty or any provision of the United States Constitution upon which his claims rely. (Docket No. 1-1). Likewise, the Court has not identified any other bases for federal question jurisdiction. *E.g.,* 28 U.S.C. §§ 1330, 1333–37, 1339–40. Thus, federal question jurisdiction does not exist here. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (providing that in any civil action, a district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

    b. Diversity

Although not directly averred in the Complaint, owing to Plaintiff's *pro se* status, the Court searched Plaintiff's pleading for alternative grounds for jurisdiction, such as diversity jurisdiction. As Plaintiff and Defendant both reside in Pennsylvania, Plaintiff has failed to invoke diversity jurisdiction as the parties are not completely diverse. 28 U.S.C. § 1332. Since 1806, the Supreme Court has "read the statutory formulation 'between . . . citizens of different states' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch 267) (1806)). As such, 28 U.S.C. § 1332 cannot be the basis for the Court's jurisdiction in this action.

## IV. CONCLUSION

For the above reasons, Plaintiff has not met his burden to establish that this Court has subject matter jurisdiction over this case.

IT IS FINALLY ORDERED that, for the foregoing reasons, Plaintiff's Complaint is DISMISSED, without prejudice to the parties' right to fully litigate this matter in the appropriate state court. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
United States District Judge

cc: All counsel of record

Justin Everett, *pro se*
3505 Duquesne Avenue
West Mifflin, PA 15122
(first class and certified mail).